UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY LAMAR JONES-BEY,                                                        Plaintiff,

v.                                             CIVIL ACTION NO. 3:16-cv-723-DJH

CHIEF STEVE CONRAD *et al.*,                                               Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

This *pro se* 42 U.S.C. § 1983 civil rights action was opened on November 18, 2016.  This

matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by*

*Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the action will be dismissed in

part and allowed to continue in part.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against four Louisville Metro Police Department (LMPD)

officials in both their official and individual capacities.  These individuals are LMPD Chief

Steve Conrad and LMPD Officers Thomas Franklin, D. Slovak, and N. Benge.

Plaintiff first alleges that on or about June 18, 2016, he was stopped for speeding.  He

states that he was then arrested on outstanding warrants and that a "warrantless impound order"

was issued for his vehicle by Defendant Benge even though Plaintiff was not intoxicated, and he

offered to have a family member retrieve his vehicle.  Plaintiff states that he ultimately secured

the release of his vehicle on or about June 21, 2016, at a cost of $177.00.

Plaintiff next alleges that on or about July 7, 2016, Plaintiff was again subjected to a

traffic stop for "allegedly failing to use a turn signal and having a defective headlight."  Plaintiff

continues: "This racially profiled stop search and seizure/arrest of Plaintiff and his vehicle was ordered/executed by . . . Defendants Franklin, Slovak, and Benge." Plaintiff states that his vehicle was "legally parked at a mutual acquaintance's house" and that a family member was willing to retrieve his vehicle. Plaintiff further states that he was not intoxicated and that "there was no evidence of additional crimes inside of the vehicle that may have been removed by family."

Plaintiff then writes that all charges related to these two arrests and impoundments were dismissed on July 26, 2016, except "Escape 2nd."

Plaintiff seems to claim that his second stop and arrest and both impoundments violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.[1]

Plaintiff then states that "Chief Conrad is responsible for the promulgation and enforcement of the rules, by-laws, regulations, orders, policies, and procedures governing the LMPD acting under 'color of state law.'"

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, but is no longer incarcerated, the Court must review this action under 28 U.S.C. § 1915(e). This statute requires a district court to dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] Plaintiff does not seem to be challenging the constitutionality of the stop or arrest that occurred on June 18, 2016, because he indicates that he was traveling 13 miles over the speed limit when he was pulled over and that he was arrested on outstanding warrants.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991)

### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v.Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the claims brought against Defendants in their official capacities are deemed claims against the Louisville/Jefferson County Metro Government.  *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The municipality is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights.  The Sixth Circuit has identified four ways a plaintiff may prove the existence of a municipality's illegal policy or custom.  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  "The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Id.*

Here, even though Plaintiff seems to allege that Defendant Chief Conrad was a "policymaker," he does not allege he was injured by a decision of Defendant Conrad.  Moreover, Plaintiff does not assert that any alleged constitutional injury was the result of an official custom

or policy of the Louisville/Jefferson County Metro Government.  As such, the Court will dismiss Plaintiff's official-capacity claims against all Defendants for failure to state a claim upon which relief may be granted.

## B. Individual-Capacity Claims

### 1. Defendant Chief Conrad

Plaintiff's individual-capacity claim against Defendant Conrad also fails to state a claim upon which relief may be granted.  In order to recover against a given defendant in a civil rights action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights."  *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell*, 436 at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Here, Plaintiff has failed to allege that Defendant Conrad engaged in any active unconstitutional behavior.  For this reason, Plaintiff fails to state a § 1983 claim against Defendant Conrad in his individual-capacity.  Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Officers Benge, Franklin and Slovak

Plaintiff seems to claim that these Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights by unlawfully stopping and arresting him and by searching and impounding his car without a warrant.  The Court will consider each of these claims in turn.

### a. Fourth Amendment Claims

### (1) Unlawful Stop and Arrest

Plaintiff states that Defendants Benge, Franklin, and Slovak ordered and/or participated in his purportedly unlawful stop and arrest on July 7, 2016, by pulling him over "for allegedly failing to use a turn signal and having a defect headlight."  Plaintiff seems to contend that he was not committing these offenses when he was pulled over by Defendants.

The Fourth Amendment establishes "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures" performed by the government.  This protection extends to investigatory stops of vehicles.  *Terry v. Ohio*, 392 U.S. 1, 9 (1968).  An officer complies with the Fourth Amendment if there is reasonable suspicion to believe criminal activity "may be afoot."  *United States v. Arvizu*, 534 U.S. 266, 273 (2002).  Reasonable suspicion is determined by looking at the totality of the circumstances of each case to see whether the officer has a particularized and objective basis for suspecting legal wrongdoing.  *United States v. Cortez*, 449 U.S. 411, 416-18 (1981).

Based upon the above, the Court will allow Plaintiff's Fourth Amendment claims to proceed against Defendants Benge, Franklin, and Slovak for their allegedly unlawful stop and arrest of Plaintiff on July 7, 2016.

## (2) Warrantless Impoundments and Search

In his complaint, Plaintiff alleges that his vehicle was impounded without a warrant by Defendant Benge on or about June 18, 2016, even though Plaintiff was not intoxicated and he offered to have a family member retrieve his vehicle. He also alleges that his vehicle was impounded and searched without a warrant by Defendants Franklin, Slovak, and Benge on or about July 7, 2016, even though his vehicle was legally parked at "a mutual acquaintance's house," a family member was willing to retrieve it, Plaintiff was not intoxicated, and "there was no evidence of additional crimes inside the vehicle that could have been removed by family."

To state a claim under the Fourth Amendment for an illegal search or seizure, a plaintiff must allege that (1) the defendant's alleged actions constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the defendant's actions were unreasonable in light of the surrounding circumstances. *Collins v. Nagle*, 892 F.2d 489, 493-94 (6th Cir. 1989) (holding that, to determine whether seizure of plaintiff's vehicle was reasonable, court must determine "whether the . . . decision to impound was reasonable under the circumstances").

In light of the above, the Court will allow the following Fourth Amendment claims to proceed: (1) the June 18, 2016, improper impoundment claim against Defendant Benge and (2) the July 7, 2016, improper impoundment and vehicle search claims against Defendants Benge, Franklin, and Slovak. *See, e.g.*, *Davis v. Nice*, No. 5:12cv1002, 2012 U.S. Dist. LEXIS 128452, at *14-17 (N.D. Ohio Sept. 10, 2012).

### b. Fifth Amendment Claim

The Court construes Plaintiff's Fifth Amendment claim to be based upon the Takings Clause. However, this claim fails because his vehicle was not seized for public use. *See, e.g.*, *Dettamanti v. Cty. of Santa Barbara*, No. CV 13-3484-MWF (JPR), 2014 U.S. Dist. LEXIS

94864, at *20-21(C.D. Cal. May 21, 2014); *see also Weinberg v. Whatcom Cty.*, 241 F.3d 746,

752 (9th Cir. 2001) ("the Fifth Amendment of the United States Constitution, which constrains

municipalities through its incorporation by the Fourteenth Amendment, states 'nor shall private

property be taken for public use, without just compensation'"); *Deligiannis v. City of Anaheim*,

No. SACV 06-720 DOC(JC), 2010 U.S. Dist. LEXIS 46154, at *8 (C.D. Cal. Mar. 2, 2010)

(vehicle "seized pursuant to the police power is not taken for a public use in the context of

the Takings Clause"), *adopted by* 2010 U.S. Dist. LEXIS 46768 (C.D. Cal. Apr. 3, 2010),

*aff'd*, 471 F. App'x 603 (9th Cir. 2012).  Accordingly, the Court will dismiss this claim.

### c. Eighth Amendment Claim

In addition, although Plaintiff summarily states that his Eighth Amendment rights were

also violated by Defendants, he does set forth any argument upon which the Court can conclude

that he has stated an Eighth Amendment claim upon which relief may granted.  Thus, the Court

will also dismiss this claim.

### d. Fourteenth Amendment Due Process Claims

The Court will next consider Plaintiff's due process claims.  To prevail on a procedural

due process claim, plaintiff must plead and prove either (1) that he was deprived of property as a

result of an established state procedure that itself violates due process rights; or (2) by proving

that the defendant deprived him of property pursuant to a random and unauthorized act and that

available state remedies would not be adequate to redress the deprivation of property.  *Macene v.*

*MJW, Inc*., 951 F.2d 700, 706 (6th Cir. 1991).  In his complaint, Plaintiff asserts that the "second

impoundment" of his vehicle by Defendants Benge, Franklin, and Slovak was "unnecessary,

vindictive, malicious, and, intentional."  Thus, it appears that Plaintiff is asserting that he was

deprived of property due to these Defendants' intentional and unauthorized acts and not an

established state procedure.  Accordingly, Plaintiff must plead and prove that "available state remedies would not be adequate to redress the deprivation of property."  *Macene*, 951 F.2d at 706.  The law is clear that Plaintiff was not entitled to a pre-deprivation hearing, since "[i]mpoundments of automobiles do not require a predeprivation hearing because such process is not feasible."  *Wagner v. Umpleby*, No. 97-3390, 1998 U.S. App. LEXIS 15325, at *7 (6th Cir. July 2, 1998); *see also See Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004) (noting that "pre-seizure hearings are not constitutionally mandated, as long as interested persons receive notice and a timely post-seizure opportunity to be heard"); *Davis v. Nice*, 2012 U.S. Dist. LEXIS 128452, at *18-19 (same).   Therefore, to state a procedural due process claim, Plaintiff must plead that he was not provided an adequate post-deprivation remedy to challenge the impoundments of his vehicle.  Because Plaintiff has not met this pleading requirement, the Court finds that he has failed to state a procedural due process claim under the Fourteenth Amendment. *See also Banks v. Fedierspiel*, No. 5:10-CV-427-JBC, 2011 U.S. Dist. LEXIS 36311 (E.D. Ky. April 1, 2011).

The second type of substantive due process claim is directed at official acts that "so shock the conscience" that they are unconstitutional regardless of the procedural protections provided.  *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).  A citizen does not suffer a constitutional deprivation every time he is subjected to some form of harassment or unfavorable treatment by a state agent.  *Id*.  Rather, the conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights."  *Id*.  The Court concludes there are no facts presented in the complaint to suggest that Defendants' actions meet this extreme standard.

Accordingly, for all the foregoing reasons, the Court finds that Plaintiff's Fourteenth Amendment due process claims are subject to summary dismissal for failure to state a claim upon which relief may be granted.

### e. Fourteenth Amendment Equal Protection Claim

Finally, the Court will analyze Plaintiff's "racial profiling" claim. "The Fourteenth Amendment protects citizens from police action . . . based solely on impermissible racial considerations." *U.S. v. Avery*, 137 F.3d 343, 353 (6th Cir. 1997). Individuals "subjected to unequal treatment based upon their race or ethnicity during the course of an otherwise lawful traffic stop . . . [can] demonstrate a violation of the Equal Protection Clause." *Farm Labor Organizing Comm.v.Ohio State Hwy. Patrol*, 308 F.3d 523, 533 (6th Cir. 2002). A plaintiff alleging discriminatory enforcement of the law must demonstrate discriminatory effect and discriminatory purpose. *Id.* at 533-34. "To establish discriminatory effect in a race case, the [plaintiff] must show that similarly situated individuals of a different race were not prosecuted." *Id.* at 534 (quoting *U.S. v. Armstrong*, 517 U.S. 456, 465 1996)); *see also Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (calling disparate treatment the threshold element of an equal protection claim).

Here, Plaintiff has failed to allege that similarly situated individuals of a different race were not subject to traffic stops or vehicle impoundments. Moreover, his complaint is devoid of statistical or anecdotal allegations of fact regarding the more favorable treatment of a different race. *See Center for Bio-Ethical Reform*, 648 F.3d at 379 (dismissing an equal protection claim due to "the absence of any plausible allegation of disparate treatment"). Thus, the Court will dismiss Plaintiff's Fourteenth Amendment equal protection claim against Defendants Benge, Franklin, and Slovak for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants, individual-capacity claim against Defendant Conrad, and Fifth, Eighth, and Fourteenth Amendment claims against Defendants Benge, Franklin, and Slovak in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Plaintiff's Fourth Amendment claims against Defendants Benge, Franklin, and Slovak in their individual capacities shall proceed as set forth above.

The Clerk of Court is **DIRECTED** to terminate Defendant Conrad as a party to this action.

The Court will enter a separate Order Directing Service.

Date: February 20, 2017

**David J. Hale, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       Jefferson County Attorney
4415.011