UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY LAMAR JONES-BEY,     Plaintiff,

v.     CIVIL ACTION NO. 3:16-cv-723-DJH

CHIEF STEVE CONRAD *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Louisville Metro Police Department (LMPD) Officers N. Benge, Thomas Franklin, and D. Slovak filed a motion for summary judgment (Docket No. 27). *Pro se* Plaintiff Gary Lamar Jones-Bey filed a cross-motion for summary judgment (DN 28), and Defendants filed a response (DN 32). Because the time for filing a reply has passed, this matter is now ripe for adjudication.

Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed individual-capacity Fourth Amendment claims to proceed against Defendant Benge regarding the June 18, 2016, impoundment of Plaintiff's vehicle and against Defendants Benge, Franklin, and Slovak regarding the July 7, 2016, stop and arrest of Plaintiff and the impoundment of Plaintiff's vehicle.[1] (DN 11, Mem. Op. & Order).

### I. UNDISPUTED FACTS

On June 18, 2016, Plaintiff was stopped for speeding by Defendant Benge. (DN 27-4, June 18, 2016, Uniform Citation). The Uniform Citation from that date states: "Listed Driver

---

[1] In their motion, Defendants state that Plaintiff did not challenge the legality of his arrests in the complaint despite the Court specifically allowing such a claim to proceed with regard to Plaintiff's July 7, 2016, arrest in its preliminary review. In their motion, they also address claims Plaintiff brought under the Fifth, Eighth, and Fourteenth Amendments even though the Court specifically dismissed these claims for failure to state a claim upon which relief could be granted in its prior review.

was 10-85 on warrants. Searched [incident] to arrest, officer recovered . . . pipe used to smoke cocaine. . . . Officer conducted search of vehicle and recovered one baggie of white powder substance." *Id*. Plaintiff was charged with speeding, possession of drug paraphernalia, and possession of a controlled substance, "1st degree, 2nd offense – cocaine." *Id*. Following his arrest, Plaintiff's car was impounded by non-Defendant LMPD Officer David R. Spencer. (DN 27-3, p. 16, June 18, 2016, LMPD Vehicle Impound/Tow Report). On June 21, 2016, Plaintiff paid $177.00 to retrieve his car from the LMPD Impound Lot.

On July 7, 2016, Plaintiff was pulled over by Defendant Slovak for operating his vehicle with one headlight. (DN 27-5, July 7, 2016, Uniform Citation). Plaintiff gave Defendant Slovak a false identification card, but the passenger in the car identified Plaintiff. *Id*. Plaintiff was then arrested by Defendant Slovak on outstanding bench warrants. *Id*. Plaintiff was also charged with escape and tampering with a prisoner monitoring device. *Id*. His car was impounded by Defendant Benge. (DN 27-3, p. 17, July 7, 2016, LMPD Vehicle Impound/Tow Report). Plaintiff's vehicle was sold at an auction on September 7, 2016. *Id*.

In the complaint, which was signed under penalty of perjury,[2] Plaintiff avers that the charges stemming from his two arrests were dismissed on July 26, 2016, except for "escape 2nd."

## II. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the

---

[2] "[A] verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment." *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard that the Court reviews the facts presented.

### III. ANALYSIS

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Unlawful Stop & Arrest Claims

In the complaint, Plaintiff states that Defendants Benge, Franklin, and Slovak "ordered/executed" his stop and arrest on July 7, 2016, based upon racial profiling. However, as noted above, the Uniform Citation from that date states that Defendant Slovak pulled Plaintiff over for operating his vehicle with one headlight and that Plaintiff was ultimately arrested on outstanding bench warrants for failure to appear in court. (DN 27-5, July 7, 2016, Uniform Citation). In his cross-motion for summary judgment, Plaintiff argues that the reason for the stop was pretextual and that he was racially-profiled.[3] Significantly, however, Plaintiff does not dispute that his vehicle only had one headlight or that the bench warrants on which he was arrested were invalid.

The Fourth Amendment establishes "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures" performed by the government. U.S. Const. Amend. IV. Operating a car with only one headlight is a traffic violation in Kentucky. *See* Ky. Rev. Stat. § 189.040. "When law enforcement officers witness a traffic violation, they may stop the driver and his car. . . . [T]here is nothing 'unreasonable' about stopping a vehicle whose driver has just committed a traffic violation." *United States v. Street*, 614 F.3d 228, 232 (6th Cir. 2010) (citations omitted). Moreover, "an arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or

---

[3] In its preliminary review of the complaint, the Court dismissed Plaintiff's claims based upon the Equal Protection Clause of the Fourteenth Amendment because he did not present any allegations from which the Court could conclude that he was treated differently based upon his race. (DN 11, Memo. Op. and Order).

false imprisonment made pursuant to § 1983." *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014) (citation omitted).

In light of the evidence presented and this jurisprudence, the Court concludes that there is no genuine issue of material fact regarding Plaintiff's stop and arrest on July 7, 2016, and that Defendants have demonstrated that they are entitled to judgment as a matter of law on these claims.

### B. Unlawful Impoundments

The Court next turns to Plaintiff's claim that his car was unlawfully impounded June 18, 2016. In their motion for summary judgment, Defendants argue that they cannot be held liable for the impoundment of Plaintiff's vehicle on this occasion because the evidence shows that they did not impound the vehicle. In support of this argument, Defendants cite to the Vehicle Impound/Tow Report from that night which shows that Plaintiff's car was impounded by non-Defendant LMPD Officer David R. Spencer. (DN 27-3, p. 16, June 18, 2016, LMPD Vehicle Impound/Tow Report). Plaintiff does not address this argument in his cross-motion for summary judgment or provide evidence which contradicts the evidence presented by Defendants. It is well-settled in the Sixth Circuit that, to state a cognizable § 1983 claim, the plaintiff must demonstrate personal involvement by each of the named defendants. *See Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Thus, the Court concludes that Defendants have met their burden and established that there is no genuine issue of material fact regarding their lack of personal involvement in the June 18, 2016, impoundment of Plaintiff's vehicle and that, therefore, they are entitled to summary judgment on this claim.

The Court next turns to Plaintiff's claim that his car was unlawfully impounded by Defendants on July 7, 2016. Based upon Defendants' argument above, the Court finds that Defendants Franklin and Slovak are entitled to summary judgment on this claim because the impoundment paperwork shows that it was Defendant Benge who impounded Plaintiff's vehicle on this date and there is no additional evidence in the record which specifically shows that Defendants Franklin and Slovak were involved in this impoundment. (DN 27-3, p. 17, July 7, 2016, LMPD Vehicle Impound/Tow Report).

As to Plaintiff's Fourth Amendment impoundment claim against Defendant Benge, to determine whether seizure of a plaintiff's vehicle was reasonable, the Court must determine "whether the . . . decision to impound was reasonable under the circumstances." *Collins v. Nagle*, 892 F.2d 489, 493-94 (6th Cir. 1989); *see also Reid Mach., Inc. v. Lanzer*, 421 F. App'x 497, 504 (6th Cir. 2010) (noting that "[t]he Fourth Amendment permits impoundment decisions . . . that are objectively justifiable . . . regardless of an officer's subjective intent"). Defendants argue that Defendant Benge's impoundment of Plaintiff's vehicle was reasonable because it was in accordance with the Standard Operating Procedures (SOP) of the LMPD. According to these procedures, an officer may have a vehicle impounded after the driver's arrest if the vehicle creates "a traffic hazard." (DN 27-3, LMPD SOP 7.9.11). Defendants argue that because Plaintiff failed to respond to their Request for Admission that his vehicle created a traffic hazard after his arrest on July 7, 2016, he must now be deemed to have admitted that his vehicle did in fact create a traffic hazard under Fed. R. Civ. P. 36. (DN 27-3, p. 8, May 16, 2019, Request for Admissions). Plaintiff did not address this argument in his cross-motion for summary judgment. However, in the complaint, Plaintiff avers that, at the time of his arrest, his vehicle was "legally

6

parked at a mutual acquaintance's house . . . in a non-hazardous area" and that "a family member was willing to retrieve his vehicle." (DN 1, Compl. p. 4).

Federal Rule of Civil Procedure 36(a)(3) specifies that a party responding to a request for admission must do so within 30 days. A matter is deemed admitted under this Rule unless "within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). In other words, a party's failure to respond within 30 days "means that the request[s] for admissions are deemed admitted by default." *Bell v. Konteh*, 253 F.R.D. 413, 415 (N.D. Ohio 2008). However, requests for admission which are deemed admitted by the default of a *pro se* litigant generally "cannot be cannot be the sole basis for granting summary judgment if Plaintiff was not warned in the requests for admissions of the consequence of failing to respond timely." *Gordon v. Jones*, No. 3:08CV-P460-S, 2011 U.S. Dist. LEXIS 23320, at *14 (W.D. Ky. Mar. 8, 2011) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)); *see also Gilliam v. Ordiway*, No. 15-cv-11833, 2016 U.S. Dist. LEXIS 157801, at *8 (E.D. Mich. Oct. 20, 2016) (denying a motion for summary judgment as premature because it was based solely upon the deemed admission of certain facts by default under Fed. R. Civ. P. 36(a)(3)); *Morris v. Christian Cty. Sheriff's Dept.*, No. 5:12-CV-00156-TBR, 2013 U.S. Dist. LEXIS 158240, at *5 (W.D. Ky. Nov. 5, 2013) (noting court's inclination to permit *pro se* plaintiff a final opportunity to respond to requests for admission before deeming them admitted). Indeed, one court has specifically held as follows:

> [P]ro se prisoners are entitled to notice that matters found in requests for admission will be deemed admitted unless responded to within 30 days after such requests have been served. Without such notice, pro se prisoners will most likely not be aware that failure to respond to a request for admission would result in the admission of the matters contained in the request. To hold otherwise would allow

7

>
> parties opposing pro se prisoner complaints to use Rule 36 procedures as a snare which prevents pro se prisoners from opposing summary judgment.

*Diggs v. Keller*, 181 F.R.D. 468, 469 (D. Nev. 1998) (citing *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988)).

Here, Defendants' argument that the impoundment of Plaintiff's vehicle on July 7, 2016, was not in violation of the Fourth Amendment is solely based upon their argument that Plaintiff should be deemed to have admitted that his car created "a traffic hazard" under Rule 36(a).[4] Like the courts cited above, this Court is unwilling to grant summary judgment on this basis only, especially where it does not appear that Plaintiff was warned that any failure to respond to Defendants' requests for admissions would result in the requests being deemed admitted, and where there is sworn evidence in the record which seems to indicate that Plaintiff's parked car did not create a traffic hazard on July 7, 2016.

---

[4] Although Defendants also argue that they are entitled to qualified immunity, this argument is likewise based upon their contention that Plaintiff has admitted that his "vehicle was obstructing traffic following each arrest." (DN 27-1, Defs.'s Mot. p. 5).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's cross-motion for summary judgment (DN 28) is **DENIED**; and that Defendants' motion for summary judgment (DN 27) is **GRANTED** as to Plaintiff's Fourth Amendment claims against Defendants regarding his June 18, 2016, arrest and his vehicle's impoundment; **GRANTED** as to Plaintiff's Fourth Amendment claims against Defendants Franklin and Slovak regarding the July 7, 2016, impoundment; and **DENIED** as to Plaintiff's Fourth Amendment claim against Defendant Benge regarding the July 7, 2016, impoundment.

Date:

cc:    Plaintiff, *pro se*
       Counsel of Record
4415.011